ALBANY,
Oct. 1828.

Van Ostrand
v.
Reed.

VAN OSTRAND & MORSE *ads.* E. & S. REED.

The giving a note is not equivalent to the payment of money, unless the note is received as such in payment or discharge of a debt or liability of the party sought to be charged. As between maker and payee, it is not a payment authorizing a recovery in an action for money had and received on failure of consideration. An authority to execute a deed must be by deed; but in the conveyance of a chattel interest, a seal is not necessary, and the authority to execute such conveyance may be by parol.

Where a party, on the sale of an article, makes representations amounting to a warranty, and the sale is consummated by a written transfer without a clause of warranty inserted, the vendee, in an action of *assumpsit*, is not permitted to shew the representations and assertions made previous to the execution of the instrument of transfer, the presumption of law being that the writing contains the whole contract.

THIS was an action of assumpsit, tried at the Jefferson circuit in June, 1827, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

On the 13th September, 1826, the plaintiffs bought of the defendants, who, together with one Ames, claimed to be possessed of the rights of the patentee, the exclusive right of constructing and vending, in six towns in the county of Jefferson, a *threshing machine* invented by one James Hyde. The plaintiffs, as the consideration of the purchase, gave to the defendants three negotiable notes, of $200 each, payable on the 1st day of January, 1827, '28, and '29. Within a few days after the purchase, during the month of September, this suit was commenced. The declaration contains five counts: The *first* alleges, that the defendants represented *that the machine was a good, useful machine and improvement;* that the plaintiffs, confiding in such representation, made the purchase, and *paid* to the defendants $600—breach, that the machine was not a good and useful machine and improvement, but, on the contrary thereof, was good for nothing and useless; whereby the right to construct and vend such machines was of no value: the *second* alleges, that the defendants represented that they had full power and authority to sell and convey, by a good and sufficient conveyance, a good and ample title to the said exclusive right, &c.; that the plaintiffs, confiding, &c. made the purchase, and paid $600—breach, that the defendants were not authorized to sell and convey, &c. by a good and sufficient conveyance, and have neglected to make such conveyance: the *third* is substantially like the second; and the *fourth* is similar to the first count: the *fifth* count is for monies had and received, and lent and advanced.

On the trial of the cause, the plaintiffs produced the conveyance which they received from the defendants. It purported to be a conveyance from the defendants, Aaron Van Ostrand, William P. Morse, and Silas Ames, to the plaintiffs, granting to the plaintiffs the right of constructing and vending, in six towns in the county of Jefferson, the machine, and authorizing them to prosecute for violations of the patent right, reciting the invention by Hyde of the machine, as a new and useful improvement, the granting of letters patent to him, and the transfer of the same to the defendants, but containing no covenants whatever. It was signed and sealed as follows : " William P. Morse, l. s., Silas Ames, l. s., and W. P. Morse, l. s." A witness testified that Ames was not present at the execution of the instrument; that Van Ostrand and Morse said that they were authorized to sign for Ames and for each other ; that Van Ostrand then affixed the names of Morse and Ames to the conveyance ; and on the suggestion of witness that Morse was present, and might sign his own name, Morse did sign the instrument ; in which way it happened that the name of Morse was twice signed, and the name of Van Ostrand was omitted. The plaintiffs were present. After the execution of the deed, there was some objection made to it ; what was the objection, the witness could not say ; but Morse said, in reply, that if the deed was not right, he would make it right when Van Ostrand, who was then absent, should return. At the time of the conveyance, a copy of the *specification* of the improvement was exhibited by the defendants, in which it is stated, " the size of the machine may be varied in proportion to the power intended to propel it : for one adapted to the strength of an ordinary man, the following are the dimensions, &c. and " the machinery is all put in motion by hand, turned by a crank or a pin in one of the principal wheels, by the strength of one man," &c. The conveyance and the notes were delivered at the same time. The plaintiffs proved, that in the month of September, 1826, the defendants were seen in various parts of the county of Jefferson, selling rights in a patent threshing machine, which they recommended as a useful ma-

chine. They further proved, that the name of *Ames*, subscrib-
ed to the conveyance, was not the hand-writing of Silas
Ames, and rested their cause.

The defendants' counsel moved for a nonsuit on the follow-
ing grounds : 1st. That the plaintiffs could not maintain as-
sumpsit, the conveyance being under seal, containing the
terms of the contract, merging prior agreements, and exclud-
ing parol evidence of the bargain. 2d. That there was no
proof of a warranty, or of such an agreement as is stated in
the special counts of the declaration, and no proof of money
paid. 3d. That the acceptance of the deed by the plaintiffs
was a waiver of all informalities in the execution of it, and
concluded the plaintiffs until evicted of their right, or disturb-
ed in the enjoyment of it. 4th. That fraud was not proved,
and could not be presumed. 5th. That if there was fraud or
failure of the consideration, as it was not shewn that any mo-
ney was paid previous to the bringing of the suit, the action
of assumpsit could not be maintained, the remedy, if any, be-
ing *case*. 6th. That the proof did not support the averment
that the money was paid ; giving notes, under the circum-
stances of the case, not being tantamount to the payment of
money. The judge overruled the motion, deciding that the
notes given to the plaintiffs, being negotiable, were equivalent
to the payment of money ; that the consideration had failed,
because the deed of transfer was irregular, inoperative and in-
valid ; that the whole transaction was a nullity, and the
plaintiffs were entitled to recover back the $600, with inter-
est, under the money counts, unless the defendants produced
and cancelled the notes at the trial.

The plaintiffs proved that *Ames* was present in court for
the avowed purpose of compelling defendants to shew by
him that he had authorized Van Ostrand and Morse to set
his name to the conveyance made to the plaintiffs. Where-
upon, Ames was called and sworn, and on being asked wheth-
er he gave such authority, the plaintiffs' counsel objected
to the question, and the judge overruled it, deciding that in-
asmuch as the conveyance was under seal, the authority
could not be proved by parol, but should be shewn to be in

writing, under seal, and produced in court, unless lost, destroyed, or in the hands of the opposite party. The plaintiffs further proved by a mechanic, a machine builder, that in January, 1827, he constructed a threshing machine, according to the specification of Hyde's patent, adapted to the strength of a man. It worked well enough when nothing was in it, but when it was fed with grain, it would not go ; it was good for nothing, and of no use ; which evidence was supported by the testimony of other witnesses. They further proved that the defendants, before the completion of the bargain, represented the machine as a good machine for the business ; that it would thresh very well, and was beneficial to the farmers ; and that after the bargain, they had acknowledged that they had *warranted* the machine to the plaintiffs as a good one, and that it would thresh 30 or 40 bushels per day. One of the notes was transferred by the defendants to a third person, which was paid by the plaintiffs in January, 1827.

On the part of the defendants, it was proved by a machinist, a man of some science, that in the winter of 1827, he constructed a threshing machine, according to the specification, to be moved by horse power ; that it worked well, and he considered it a good and valuable improvement ; that a good mechanic could build a machine upon the same principle, to work well by the strength of an ordinary man. It was further proved, that before the commencement of this suit, Morse, one of the defendants, told the plaintiffs that he would make the deed right, if it was not so ; that Van Ostrand would sign the deed, if the plaintiffs wished it, or that another deed should be correctly executed.

The judge charged the jury that the plaintiffs were entitled to recover ; that the deed of transfer was a nullity, and formed no consideration for the giving of the notes, which being negotiable, were to be considered as money ; that if the jury believed there was such failure of consideration, or if there was fraud in the transaction, on the part of the defendants, the plaintiffs were entitled to recover back the $600, and the interest on the common counts ; that if the jury be-

lieved the counts, or the warranty, on special agreement were sustained by the proof, they would find for the plaintiffs on that ground ; and that though they should find that the improvement was highly useful when worked by the application of horse power, still, if it was not useful when constructed for hand power, according to the specification, the plaintiffs would be entitled to recover, on the ground of the falsity of the specification.   The jury found a verdict for the plaintiffs for $600.   The defendants moved to set aside the same, and for a new trial.

*B. Davis Noxon,* for defendants, on the grounds taken at the circuit in support of the motion for a nonsuit, insisted that a new trial ought to be granted.   He further contended, that the judge erred in excluding the testimony of *Ames,* under the circumstances of the case, and that the charge to the jury was erroneous in relation to the specification, in supposing that it was confined to machines to be worked by hand power.

*S. Beardsley,* for plaintiffs.   The instrument of conveyance of the patent right was a nullity.   It did not transfer the interests of the defendants, only one in fact having signed it. A patent right must be conveyed by writing.   (*Laws U. S.,* vol. 2, p. 350, s. 4 and 5, passed 21st Feb. 1793.   See also *Act of 17th April,* 1800, sec. 3.)   An incorporeal right can be transferred only by grant ; it is not the subject of livery.   (3 *Co. Litt.* 9 b. 49 a. 121 b. 169 a. 172 a.   4 *Johns.* R. 81.)   A party cannot authorize another, by parol, to execute a deed. The conveyance being a nullity, it formed no consideration for the notes.   The consideration may, therefore, be recovered back under the general count.

Allowing the transfer to have been well executed, it conveyed nothing.   The patent right itself was void, the discovery not being *useful.* (1 *Mason,* 182, 302.)   Besides, the notes were obtained under fraudulent representations.

Under circumstances like those in this case, negotiable paper may be considered as money paid.   In *Ainslie* v. *Wilson,*

('7 *Cowen*, 662,) it was held that property paid or received as money, will support the action for money paid, the same as if *money itself* had been paid. So, taking a promissory note as payment of an execution, and endorsing the execution satisfied, has been adjudged equivalent to the payment of money; and the amount of such note was regarded as money, in an action for money had and received, on a reversal of the judgment upon which the execution issued. (*Clark* v. *Pinney*, 6 *Cowen*, 297.) Though the giving a *bond* for the debt of another is no payment, and will not support a count for *money paid*, the giving *negotiable* notes in some cases is equivalent to the payment of money. (*Cumming* v. *Hackley*, 8 *Johns. R.* 202. See also, 11 *Johns. R.* 464.)

A warranty was sufficiently shewn. Any representation of the quality of a thing sold, shewing the intention of the vendor to warrant, will bind him. (*Chapman* v. *Murch*, 19 *Johns. R.* 290.) The machine was represented to be useful, and was shewn to be useless.

*Noxon*, in reply. The action cannot be maintained on the common count, because there was a written contract, which was not shewn to have been rescinded. It cannot be maintained on the special counts for the failure in the proof of the material averment, that *money* was paid by the plaintiffs. The delivery of notes, as between the maker and payee, cannot be considered as the payment of money, entitling the maker to recover the amount of the notes on a failure of consideration. Where a note pays or extinguishes a debt, it is considered a payment, otherwise not. There was a good consideration for the notes; the *model* worked well, and the horse power machine worked well; consequently, an intermediate machine might have been constructed by a skilful machinist. There was no fraud. The plaintiffs are estopped from saying that they received not a conveyance from all the parties. They were present when it was executed, and accepted it.

*By the Court*, SAVAGE, Ch. J. The questions which I propose to consider are, I. Was the giving the notes equivalent

to the payment of money? II. Was there fraud in the transaction of selling the patent right? and III. Was the action sustained upon either of the special counts?

I. There are cases, no doubt, where the giving a negotiable promissory note is equivalent to the payment of money. Thus, where a surety gave his own note, which was received in satisfaction of the debt of the principal, the surety recovered the amount of the note, as so much money paid for the use of the principal. (*Barclay* v. *Gooch*, 2 *Esp.* 571, recognized as good law in *Cumming* v. *Hackley*, 8 *Johns. R.* 206.)

So where the surety gave his note in satisfaction of a judgment rendered against him and the principal, the giving the note was considered as payment of so much money, and the surety recovered as for money paid. (*Witherby* v. *Mann*, 11 *Johns. R.* 518. See also 3 *Mass. R.* 403.) So where an agent discharged a debt due to his principal, by paying a debt of his own with it, the agent was held liable to his principal, for the amount thus appropriated, as money had and received to his use. (*Beardsley* v. *Root*, 11 *Johns. R.* 464.)

It has also been held that the taking a note of a third person by the sheriff upon an execution, by the consent of the plaintiff, as payment of the execution, is equivalent to the payment of money. (*Clark* v. *Pinney*, 6 *Cowen*, 301. *Armstrong* v. *Garrow*, 6 *Cowen*, 470, 1.) But no case has been cited to shew that the giving a negotiable promissory note is the payment of money by the maker to the payee. In no case has the giving a note been held equivalent to the payment of money, unless the note was received as such, in payment or discharge of a debt, or liability of the party sought to be charged.

The conveyance of land received in discharge of a money debt, is equivalent in certain cases to payment in money. (7 *Cowen*, 668.)

Had the notes in question been given to a third person, in payment and discharge of a debt due by the defendants to such third person, then the case would have come within previous decisions. Or had the note due on the 1st January, 1827, been transferred and paid, or even transferred to an innocent endorsee, before suit brought, there would be a

strong analogy to decided cases. But I cannot find that the giving a note ever has been considered as between maker and payee, the payment of money by the former to the latter.

If such a note should be given without consideration, there is a remedy. As between payee and maker, the want of consideration is a good defence. If the maker is apprehensive that such a note, given by him, will be negotiated, he may procure an injunction from chancery in a proper case, restraining the transfer of the note. Or when such a note shall be paid to an innocent holder, the amount may be recovered back from the party who improperly obtained the note. But in my judgment, the mere giving a note cannot be considered payment of the very money, for which such note is given as a security, so as to justify a recovery of it by the maker against the payee. If I am correct in this position, there has been no money paid previous to the commencement of this suit, and therefore the plaintiffs cannot recover upon the common count.

II. Nor can I see that fraud has been proved. Fraud is never to be presumed, but must be shewn by proof. The circumstances attending the execution of the deed of transfer, look suspicious; but when an attempt was made at explanation, by shewing *Ames'* authority to his co-partners to sign his name, it was required that he should be called; and when he was called, it was objected that there should be a written authority, under seal, produced, and so the judge decided. An authority to execute a deed, must be given by deed, to render the deed valid. (*Com. Dig. Attorney, C.* 5. 5 *Bin.* 615.) But the question before the court and jury was as to the fraudulent representations or conduct of the defendants. It had been already proved, that the defendants had offered to have the conveyance executed in a manner that should be satisfactory. It is worthy of consideration also, that the property to be conveyed, was only a chattel interest; that to convey such an interest, a seal is not necessary; and that the 4th section of the act of congress, of Feb. 21, 1793, which authorizes an inventor to assign his interest in his invention, does not require the assignment to be made under

Van Ostrand
v.
Reed.

seal. I am inclined to the opinion, therefore, that the testimony of Ames should have been received.

III. It becomes necessary, then, to enquire whether the plaintiffs have made out a case under either of their special counts. The first count states substantially, that the defendants assumed and promised that the machine was a useful improvement; and that it was not, in fact, a useful improvement. This was fully proved; but the question at the trial was, whether parol proof could be given of what was said previous to the execution of the deed. On that point, it seems to me, that this is a case where the whole contract must be presumed to be reduced to writing. The instrument, in truth, does not contain any thing about the contract, except a bare assignment of the patent right. It contains no warranty that the machine was a useful improvement. Suppose one man sells to another a horse; he represents him sound, and gentle, and useful; but a bill of sale is given in writing, which contains a bare transfer of the animal, without any warranty or engagement as to the soundness or good qualities of the horse; could the purchaser in that case go back and prove the representations and assertions made before the execution of the bill of sale? I think not. Where a contract has been consummated by writing, the presumption is, that the writing contains the whole contract. If I am correct in this, then the plaintiffs have failed to prove the warranty. On the main question, whether the improvement was a valuable one, I am of opinion, that the evidence was in favor of the plaintiffs. The machine they purchased, was to be worked by hand, and they proved that a machine made according to the specification was worthless. This was not contradicted by proving that a horse power machine under the same patent, was a valuable improvement; but this evidence was irregularly before the jury, a warranty not being properly proved.

I am therefore, of opinion, that a new trial should be granted.