ROBERT F. SILLIMAN and others *vs.* SALMON TUTTLE and others.

Where the title to property owned by several persons jointly is, for business convenience, in the name of one of the owners, who sells the property in his own name, but for the benefit of all, executing a bill of sale in his individual name, the contract enures for the joint benefit of all the owners, and all may sue upon it. And this although the purchaser was ignorant of the fact that any other persons than the one with whom he contracted were interested in the property.

Joint owners of property have a right to avail themselves of the acts of one of their number as their agent; and whether he acted with or without authority in negotiating a sale of the property and in using his own name only, makes no difference.

A canal boat was sold by the plaintiffs to the defendants for a price agreed upon, and a bill of sale was executed and delivered, transferring the title. The boat being then engaged in transporting merchandize, the plaintiffs at the same time agreed, separately and apart' from the contract of sale, in reference to the trip the boat was then making, and the expenses thereof, that they would transfer to the defendants all the earnings of the boat during that trip, upon payment by the latter of all the expenses actually incurred by the plaintiffs. *Held* that this agreement had no connection with the sale of the boat, or the transfer of the title to it, but related only to the earnings; and that parol evidence of its terms was admissible, notwithstanding the contract for the sale of the boat was in writing.

THIS is an action brought by the plaintiffs, who were forwarding and commission merchants, at the city of Troy, against the defendants for the non-performance of an agreement made by the agent of the defendants, in their behalf, concerning the freight and expenses of a certain canal boat. In the month of June, 1864, the plaintiffs sold to the defendants, through their agent, the canal boat A. H. Burch. A bill of sale was executed by the plaintiffs and delivered to the agent, at the time of the sale. The boat was then on her way to Buffalo, with a load of merchandize. It was agreed by and between the plaintiffs and the said agent, that Tuttle and Wagner should collect and receive all the freights, as their own, and pay the plaintiffs the expenses of the trip incurred by them. The plaintiffs never received any of the profits, and the defendants have never paid the expenses of

the same. The cause was tried before Geo. Gould, referee, and upon the trial the defendants' counsel insisted that there could be no recovery in the action, in favor of the plaintiffs, for the reason that the contract for the sale of the boat was made with Robert F. Silliman, one of the plaintiffs, alone, and not with the plaintiffs jointly. Also upon the ground that the contract for the sale of the boat was in writing, and that parol evidence, offered in relation to the expenses of the boat upon the trip she was prosecuting at the time of the sale, and the evidence that the plaintiffs were to have and receive the freights earned upon that trip, could not properly be received, for the reason that such evidence varied and contradicted the terms of the written contract. The referee ruled and decided that all the plaintiffs were properly joined in the action. He also ruled that a bill of sale, such as was given in this case, purporting to give merely the price of the boat, with an acknowledgment of payment, does not exclude evidence of an agreement concurrently made concerning the freights and expenses of a voyage in progress at the time of the sale, and reported in favor of the plaintiffs, and judgment was docketed for $348.10 damages and costs. The defendants excepted to the report of the referee and appealed to the general term.

*C. M. White,* for the appellant.

*W. A. Beach, Jun.* for the respondent.

*By the Court,* MILLER, J. It is objected that the contract now in question having been made by Robert F. Silliman, alone, with the defendants, a joint action can not be maintained by the plaintiffs.

The Code, section 111, provides that all actions shall be brought in the name of the real party in interest. For business convenience the title to the property sold to the defendants was in the name of one of the plaintiffs. The sale,

Silliman *v.* Tuttle.

however, was made for the benefit of all the parties, and they were jointly interested in the contract. Although one of the plaintiffs conducted the negotiations and executed the bill of sale in his individual name, yet all being interested, I think that the contract enured for their joint benefit. It does not alter the case that the defendants were ignorant of the fact that the plaintiffs were jointly interested, so far as the commencement of this action is concerned. As principals they had a perfect right to avail themselves of the acts of their agent, and whether he acted with or without authority in the negotiation and in using his own name makes not the least difference. This can not change the relation of the other parties in interest, and as long as they were owners they can not be deprived of the legal right to maintain an action upon the contract. If they had an interest, then they were proper plaintiffs in the action. They can sue and were liable to be prosecuted. The case of *Niles* v. *Culver*, (8 *Barb.* 205,) is relied upon as an authority to sustain the doctrine contended for by the defendants' counsel. In that case the action was brought to recover damages for a failure to perform a contract. The decision turned mainly upon the point whether oral stipulations or negotiations immediately preceding or accompanying the execution of a written agreement could be introduced in evidence ; and the court, after holding that they were merged in the instrument, which disposed of the case, also decided that the instrument showing that the contract was made with one of the plaintiffs, the action could not be maintained. It may be remarked that the action was directly on the contract, which was in writing and of course controlling ; while here, so far as the plaintiffs claim to recover, their right is based upon a parol agreement outside of the sale of the property, and it may be said independent of, and separate and distinct from it, and relating entirely to the earnings and expenses of the boat while in the progress of a trip, and not to a transfer and sale of the boat itself. It may also be observed, that the doctrine laid down by the learned

Judge who wrote the opinion, was a mere dictum, without any discussion of the principle involved, and without any reference to the provision of the Code which I have cited; nor was it necessary to decide that point in order to dispose of the case. Nor does it appear that his attention was called to the change made by the Code, in this respect.

The position taken, that the bill of sale was in the nature of a deed, and that no one but a party to the instrument can maintain the action, is likewise untenable. As before remarked, the action is not on the bill of sale, but upon a contract distinct from it, and which is dependent upon evidence outside of the bill of sale. I think, therefore, that the action was properly brought in the name of the plaintiffs.

It is further insisted that the contract of sale, being consummated by a writing, could not be varied by parol. And as the bill of sale contained no stipulation that the defendants should pay the expenses incurred on the trip, nor any stipulation that the defendants should receive the freights earned upon that trip, the plaintiff should not have been allowed to prove that the defendants agreed to pay the expenses of the trip, nor that the defendants puchased the freights as well as the boat.

The decision of this question must depend upon the fact whether the bill of sale can be regarded as containing the whole of the contract. Several authorities are cited by the defendants to sustain the position contended for, but I think they are clearly distinguishable from the present case.

In *Mumford* v. *McPherson*, (1 *John.* 414,) the action was for a breach of warranty in the sale of a ship. There was a bill of sale of the property, and it was held that no action would lie on a parol warranty made at the time of the sale; where no fraud was alleged. The warranty here was connected with the sale itself, and a part of it. It related to the title to the property, and as that was reduced to writing, the instrument extinguished every thing resting in parol.

*Bayard* v. *Malcolm,* (1 *John.* 452,) was an action for deceit in the sale of a newspaper establishment, and the case was disposed of upon a question raised as to the sufficiency of the complaint, upon a motion in arrest of judgment. The remark of the learned Judge, to the effect that a parol warranty could not have been shown, if the suit had been brought on one, because the written contract excluded all anterior verbal negotiations and promises, as being resolved into the writing, which was the consummation and only evidence of the agreement of the parties, also related to the title of the property, and as that was in writing, it could not be altered by parol proof.

In *Van Ostrand* v. *Reed,* (1 *Wend.* 424,) the action was for a breach of contract in the sale of a right for constructing and vending a thrashing machine, and the same general principle is laid down as in the last two cases above cited.

In *Filkins* v. *Whyland,* (24 *N. Y. Rep.* 338,) a bill and receipt given on the sale of a horse was held to be a mere receipt, and not a contract or bill of sale, so as to exclude parol evidence of a warranty of soundness of the horse by the vendor. The learned Judge says : "I am not inclined to dispute the proposition, that where there is a formal contract of sale, or a bill of sale, as it is sometimes called, the instrument by its own force vending the property and affecting a transfer of the title, which is executed by one party and accepted by the other, is to be treated as the contract of sale." There is no doubt of the correctness of the doctrine here laid down ; but it will be readily seen that neither this nor any of the other cases cited is an authority for holding that where title to personal property is transferred by a bill of sale, there may not be an independent verbal agreement in regard to the disposition of the property antecedent to its actual delivery. The bill of sale, it is true, transfers the title, and, so far as relates to the title, the written instrument merges all preceding negotiations, and parol evidence can not be introduced

Silliman *v.* Tuttle.

to prove that they were different, so far as the title is concerned, and so far as the right to the property is concerned, from what the writing shows.

In all the cases cited, the question involved related to the title to the property. It is not so in the case at bar; but the subject of controversy is in regard to an outside arrangement which does not affect the title to the property.

The distinction, it seems to me, is very apparent. The boat was sold for a price agreed upon, and a bill of sale stating the consideration, was executed and delivered, which transferred the title. At the time of the sale the boat was not in the immediate possession of the owner so as to be susceptible of actual delivery, but engaged in transporting merchandise on the canal. It was performing a contract which was but partially executed, and could not be delivered until its arrival at the termination of the route. The plaintiffs had paid, or were bound to pay, the expenses of the trip, and had received no returns, and the parties agree separately and apart from the contract of sale, in reference to the trip and its expenses, that they will transfer to the defendants all the earnings upon payment of the expenses actually incurred by them.

I think that such an agreement has nothing to do with the transfer of the title to the boat, or the sale of it. It only relates to the earnings. It could not well have been placed in the bill of sale, and would have been entirely inappropriate in such an instrument. It was an independent, separate and distinct agreement outside of the sale, and disconnected from it, and stands by itself a separate contract as to the earnings.

Suppose a man by a written contract disposes of his real estate and executes a deed, would not a verbal contract with the grantor for the use of the premises be valid and effectual? Clearly it would.

If the defendants are correct in the position that the bill of sale covers the whole contract, then there would be no

remedy in their favor for the freight, and this part of the contract would be incapable of enforcement.

In *Whitbeck* v. *Waine*, (16 *N. Y. Rep.* 532,) it was held that an executory agreement, verbal or written, for the performance of distinct and separable provisions, is not merged or superseded by a subsequent written contract in execution of only a part of such provisions, without other evidence of an intent that it should be extinguished. The action was brought to recover money alleged to have been overpaid by the plaintiff upon the purchase of a farm from the defendant; a deed of the premises had been executed, and the objection was taken that the contract was merged in and extinguished by the deed. Denio, J. who delivered the opinion of the court, held that the general rule of evidence that a written contract executed between parties supersedes all prior negotiations and agreements upon the same subject, is not applicable where the last contract covers only a part of the subjects embraced in a prior one.

Applying the principle here enunciated to the case at bar, how does it stand? The parties made a contract for the sale of the boat, and also in reference to the trip upon which it was then engaged. The bill of sale was executed to pass the title, covering only a portion of the contract, which left the remaining part to be enforced and executed according to law. (*See also Renard* v. *Sampson*, 12 *N. Y. Rep.* 561; *Bogart* v. *Burkhalter*, 1 *Denio*, 125.)

The bill of sale was one thing, and the contract in regard to the affreightment quite a different matter. The writing did not supersede the agreement as to the trip of the boat at the time of the sale, and the evidence given was clearly admissible.

There is no exception to the finding of the referee that the defendants received the freights accruing from the trip; and if there had been, I am inclined to think that it was of no consequence, so long as they were entitled to them whether

they were received or not. The point, therefore, is not well taken.

As there was no error on the trial, the judgment entered on the referee's report must be affirmed.

[ALBANY GENERAL TERM, September 18, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]