## C. B. JONES

### vs.

### JAMES T. ALLEY.

A formal deed or sealed instrument assigning an interest in a patent right, is presumed to contain the entire contract of the parties to such assignment, and evidence of a parol guaranty or warranty contemporaneous with such assignment, in reference to the subject thereof, is inadmissible for the purpose of contradicting, varying, or adding to such contract.

This is an appeal taken by the defendant from an order of the court of common pleas, Ramsey county, denying his motion for a new trial. The case is fully stated in the opinion of the court.

H. J. HORN, for Appellant.

NEWEL & BRILL, for Respondent.

*By the Court.*—BERRY, J.—This is an action upon a promis

sory note, the making of which by the defendant, and its delivery to Stoney, the payee thereof, are admitted.

The defence set up in the answer, is that Stoney was the plaintiff's agent for the sale of a certain patent right; that as such agent he offered to sell said right for the state of Minnesota to defendant and one Fralick, at the same time making certain representations in regard to the subject of the patent; that the defendant and Fralick, relying upon such representations, agreed with Stoney, as plaintiff's agent to purchase said patent right for $1,500, provided, the representations made were true; that said Stoney, as agent as aforesaid, sold said right to defendant and Fralick, upon the terms aforesaid, and with the understanding aforesaid, and then and there guaranteed and promised, that the representations made were true; whereupon defendant and Fralick paid Stoney $1,000, in cash, and each gave him a note for $250, (the note in suit being that given by defendant) and that the representations turned out to be untrue, in consequence whereof defendant has suffered damage in a sum exceeding the amount of his note. No fraud is alleged. Upon the trial it appeared that the contract of sale was evidenced by a formal deed or sealed instrument executed by Stoney as plaintiff's agent.

" The defendant offered to show a parol contract of guaranty on part of the plaintiff's agent Stoney, in the terms set up in the answer, for a valuable consideration, made subsequent to the written transfer of the patent right, but being understood to have been a part of the terms of the purchase, and upon the faith of that guaranty, the purchase money or a large portion of it was paid up, such evidence to be introduced after showing notice to plaintiff of defendant's rights in the premises, before plaintiff took the note;" but the offer was rejected by the court.

The defense set up in the answer, as well as that embraced

in the offer, being " new matter," it was necessary that the same should be specially pleaded. *Gen. Stat. ch.* 66, *sec.* 79, *sub. div.* 2. Unless, then, the defence embraced in the offer is substantially identical with that set up in the answer, the objection that it was not pleaded, and that, therefore, the evidence offered to support it was inadmissible, was obviously well taken.

If the offer means (as it would naturally seem to mean, if it were to be considered alone,) that the guaranty was made *subsequent* to the *consummation* of the sale by the *execution, delivery and acceptance* of the written transfer of the patent right, then the defence offered to be proved is not only not identical with the defence set up in the answer, but it is palpably inconsistent *with it;* for the guaranty alleged in the answer was clearly contemporaneous with, and a part of the contract of sale; and if such be the proper construction of the offer, the rejection of the defence embraced in it, upon the ground that the same was not pleaded, was not a merely technical rejection, since the failure of the defendant to ask for such amendment of his answer as would admit the defence offered to be proved, furnishes good reason for believing that the *facts*, as *sworn to* in the answer, would not permit the amendment to be made.

But if the offer means, as it may mean, and as in order to be consistent with the answer it must mean, that the guaranty was made subsequent to the *drawing* or *signing* of the written transfer, and not subsequent to the consummation of the sale by the execution, delivery and acceptance of the written transfer, then the rejection was proper, for the reason that the guaranty offered to be proved was parol. The transaction between the parties in this case was, as before observed, evidenced by a formal deed or sealed instrument. This deed expresses the consideration of the sale, refers with much particularity to the letters patent, and to the successive transfers by virtue of

Jones v Alley.

which the plaintiff obtained his right in the patent, and formally, and in apt words, assigns and sets over to the defendant and Fralick the right and interest of plaintiff in the invention secured by the letters patent, particularly describing such right and interest, and the place in which, and the time for which, the same is to be " held and enjoyed " by the said grantees thereof. This instrument is not then a mere memorandum like a bill of parcels, or an ordinary receipt, but it must be regarded as the repository of the entire contract of the parties thereto, and, therefore, not to be contradicted, varied or added to, by parol evidence of prior or contemporaneous agreements.

A guaranty or warranty, such as is pleaded in the answer in this case, is not an independent agreement, but a mere incident and part of the principal contract of sale, and when the latter is formally reduced to writing, whatever incidents exist are presumed by the rules of evidence to have been incorporated therein.    1 *Parsons on Contracts*, 589 ; 1 *Gr. Ev.* § 275; *Dutton vs. Gerrish*, 9 *Cushing*, 94 ; *Salem India Rubber Co. vs. Adams*, 23 *Pick.* 265 ; *Mumford vs. McPherson*, 1 *Johnson*, 415; *Van Ostrand ads. Reed*, 1 *Wend.* 424.

The evidence offered was, therefore, properly excluded, and the order refusing a new trial is accordingly affirmed.