## THE WATERS' PATENT HEATER COMPANY, RESPONDENT, *v.* LEWIS TOMPKINS, APPELLANT.

*Contract of sale or return — what constitutes a sufficient offer to return, under — Agency.*

The defendant, a manufacturer at Fishkill Landing, purchased of the plaintiff, of Meriden, Conn., a heater, agreeing to pay therefor, sixty days after its receipt, by his note at six months, unless the heater should fail to work in such manner as it had been represented that it would, in which case defendant was to be at liberty to return the heater at the end of the sixty days. On the trial of an action, brought for the purchase price, evidence was given

tending to show that one Whitehill, of Newburgh, was an agent of the plaintiff, and that defendant had been directed to go to him for any thing pertaining to the heater; that the heater would not work, and was practically useless; that, within the sixty days, the defendant pointed out the defects to Whitehill, and offered to return it; that the latter told him he had better keep it; that he thought the defects could be remedied. Nothing was ever done to correct the defects, nor was any other reply given to defendant's offer to return. Upon the trial, a verdict was directed for the plaintiff.

*Held*, that this was error; that the case should either have been submitted to the jury, with instructions that, if W. had authority to receive the heater or accept defendant's offer to return it, the latter had done all that he was required to do, and that plaintiff was not entitled to recover, or else the court should have held that Whitehill, had such authority, and have directed a verdict for the defendant.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

The action was brought to recover the price of a heater, claimed to have been purchased of the plaintiff by the defendant.

*Milton A. Fowler* and *Homer A. Nelson*, for the appellant.

*Richard H. Huntley*, for the respondent.

GILBERT, J.:

The sale in this case belongs to a class of sales on condition, often called "*contracts of sale or return*." In these, says Mr. Parsons (1 Parsons' Cont., Bk. 3, chap. 4, § 6, 5th Ed., p. 539), "The property in the goods passes to the purchaser, subject to an option in him to return them within a fixed time, or a reasonable time, and if he fails to exercise this option by so returning them, the sale becomes absolute, and the price of the goods may be recovered in an action for goods sold and delivered." The defendant, who is a manufacturer of hats, at Fishkill Landing, ordered from the plaintiffs, who are manufacturers of heaters, at West Meriden, in Connecticut, a heater for use in the defendant's factory. The defendant agreed to pay the plaintiff $410 for the heater in sixty days from the receipt thereof, in his note at six months, unless the heater should fail to work as represented in a circular or prospectus of the plaintiff, in which case the defendant reserved the right to return the heater at the end of said sixty days. That is

a written contract, plainly expressed.  As the defendant did not return the heater within the time fixed by the contract, he is liable for the price, unless the obligation to return it within that time has been discharged.  (*Moss* v. *Sweet*, 16 Q. B., 493; Benj. on Sales, 442; 1 Chit. Cont. [11th Am. Ed.], 618.)

The judge at the Circuit directed a verdict for the plaintiff on the ground that a breach of warranty had not been shown.  I do not perceive that any question of a breach of warranty was presented by the facts of the case.  If the contract had contained a warranty perhaps the defendant might have resisted a demand for payment of the price of the heater, without returning or offering to return it, on the ground of a breach of the warranty.  (*Douglas Axe M. Co.* v. *Gardner*, 10 Cush., 88.)  But a parol warranty cannot be interpolated into a written contract.  (*Mumford et al.* v. *McPherson et al.*, 1 J. R., 414; *Wilson* v. *Marsh*, id., 503; *Van Nostrand* v. *Reed*, 1 Wend., 424, 432; 1 Chit. Cont. [11th Am.Ed.], 637.)  The true inquiry is whether the defendant returned the heater, or did that which was binding on the plaintiff as an equivalent for a return thereof.  Evidence was given, on the part of the defendant, that Mr. Whitehill, of Newburgh, was the plaintiff's agent for matters pertaining to the heaters which the plaintiff vended, and that the defendant was told that, if he wanted anything pertaining to the heater in controversy, to go to Mr. Whitehill.  It was undisputed on the trial that such heater would not work; that it was practically useless in the defendant's business; that, within sixty days after the defendant received the heater, he mentioned the defects in it to Mr. Whitehill, and offered to return it; that Mr. Whitehill told him he had better keep it; that he (Whitehill) would see Mr. Wilcox, the plaintiff's president, and that he thought the defects might be remedied.  The inference certainly is a reasonable one, that if that request had not been made the defendant would have taken the steps necessary to effect a return of the heater.  It further appears that no attempt to remedy the defects in the heater was made, and that no other reply was ever given to the defendant's offer to return it.

This testimony, although uncontradicted, may be open to criticism; but it was competent, and it was the province of the jury to determine its effect.  Again, how was the heater to be

returned ?    Was the defendant to send it back to Meriden by a carrier, or would a delivery of it to Mr. Whitehill have accomplished that purpose ?    If Mr. Whitehill had authority to receive the heater, or to accept the defendant's offer to return it, his request that the defendant should keep the heater until an effort could be made to remedy its defects, superseded the necessity of making a formal delivery of it back to the plaintiff in any manner until such effort should have been made.    At least it extended the time for the exercise of the defendant's privilege, if it did not discharge it altogether; for a party cannot take advantage of an act or omission of the other party which was caused by the former.

I think the testimony referred to should have been submitted to the jury with instructions, that if Mr. Whitehill had the authority which has been suggested, the defendant's offer to return the heater under the circumstances disentitled the plaintiff to recover, or else the court should have held, as matter of law, that Mr. Whitehill had such authority, and directed a verdict for the defendant.

The judgment should be reversed and a new trial granted, with costs to abide the event.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, with costs to abide the event.