## S. A. RODGERS v. ISADORE PERRAULT.

PAROL EVIDENCE, *Not to Vary Writing.* Where a sale of a chattel is consummated by a written bill of sale which contains a description of the property, the receipt for the purchase-money, and a warranty of title, *held,* parol evidence inadmissible to prove an additional parol warranty of the soundness of such chattel.

*Error from Mitchell District Court.*

ACTION brought by *Rodgers* against *Perrault,* to recover of the defendant $1,700 damages for an alleged breach of warranty in the sale of a stallion. Trial at the April term, 1887, and verdict and judgment for the defendant. Plaintiff brings the case here.

*A. W. Hicks,* for plaintiff in error.

*F. J. Knight,* for defendant in error.

Opinion by CLOGSTON, C.: The only question presented in this court is, where a contract is consummated by a written bill of sale, including warranties of title, can parol evidence afterward be given to enlarge the contract by showing warran-

ties of the soundness of the property, not included in the bill of sale? The plaintiff showed that on the purchase of the stallion in question he received from the defendant a written bill of sale, which is in evidence and is as follows:

"Know all men by these presents, that I, Isadore Perrault, in consideration of $1,500, paid by S. A. Rodgers, the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer and deliver unto the said S. A. Rodgers the following goods and chattels, viz.: one black stallion; name, 'Black Prince;' pedigree, Morgan mare, and Napoleon; weight, 1,600: to have and to hold all and singular the said goods and chattels to the said S. A. Rodgers and his executors, administrators and assigns forever. And the said grantor hereby covenants with the said grantee that he is the lawful owner of the goods and chattels; that they are free from all incumbrances; that he has good right to sell the same as aforesaid, and that he will warrant and defend the same against the lawful claims and demands of all persons whomsoever. In witness whereof, the said grantor has hereunto set his hand, this 29th day of October, 1884."

No claim of fraud or mistake is urged. This leaves, as we said before, but one question. Where a transaction is reduced to writing and there is no ambiguity or uncertainty in its language, the writing alone must speak, and cannot be contradicted by parol, or its terms enlarged or diminished; and where a contract on the sale of chattels is made, and the bill of sale contains no agreement of warranty, none can be added by parol. The rule as laid down in Benjamin on Sales is: "Where the written sale contains no warranty, or expresses the warranty that is given by the vendor, parol evidence is inadmissible to prove the existence of a warranty in the former case, or to extend it in the latter, by inference or implication." (Sec. 942.) The exception to this rule is where the written paper is in the nature and form of a receipt merely: *Held,* The parol evidence of warranty is admissible. (Benjamin on Sales, § 943.)

In *Johnson v. Powers,* 3 Pac. Rep. 625, it is held:

"If the contract between the vendor and vendee be reduced to writing, nothing which is not found in the writing, except

that which is presumed by law from that which is written, can be considered as a part of the contract."

In *Van Ostrand v. Reed*, 1 Wend. 424, it was said:

"Where a contract for the sale of a chattel is consummated by written conveyance, previous representations amounting to a warranty which are not inserted in the contract, cannot be proved in parol in an action of *assumpsit* on the alleged warranty."

In *Smith v. Williams*, 1 Murphy, 426, it was held:

"But where nothing is omitted or inserted in the writing through fraud, accident, or mistake, parol evidence shall not be presented to show that the agreement of the parties was otherwise than the writing sets forth."

In *Shepherd v. Gilroy*, 46 Iowa, 193, it was said:

"Where the evidence shows without conflict that the written warranty was given by the vendor to the vendee, the latter could not recover for the breach of an additional parol warranty."

(See also *Silliman v. Tuttle*, 45 Barb. 175; *Filkins v. Whyland*, 24 N. Y. 343; *Brown v. Russell*, 4 N. E. Rep. 428; *Fairbanks v. Meyers*, 98 Ind. 92; *Chicago Railroad Co. v. Derkes*, 3 N. E. Rep. 239; *Frost v. Blanchard*, 97 Mass. 155; *Remick v. Sandford*, 118 id. 102.)

This court has held that "a mere bill of parcels, in which nothing appears but the names of the vendor and vendee, the articles purchased, with the prices affixed, and a receipt of payment by the vendor, is not such a written contract as excludes parol testimony of the real agreement between the parties." (*Irwin v. Thompson*, 27 Kas. 643; *Atwater v. Clancy*, 107 Mass. 369; *Sutton v. Crosby*, 54 Barb. 80; *Perrine v. Cooley*, 39 N. J. L. 449.)

From these authorities it is clear that the contract or bill of sale in this action consummated the transaction between the parties, and no verbal agreement or warranty made during the negotiations of sale can be shown by parol evidence to add to this bill of sale. For this reason we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.