THE KANSAS REFRIGERATOR COMPANY v. HENRY G. PERT *et al.*

No. 37.

1. CONTRACT—*Remedies for Breach—Measure of Damages.* A person may rescind and repudiate a contract, or he may affirm the contract and recover upon a breach of warranty contained therein if the contract contains a warranty, or he may affirm the contract and recover whatever damages he may have sustained by reason of the fraud.

2. TRIAL—*Election of Remedies.* Where the plaintiff in error files no motion to require the defendants in error to elect upon which of several causes of action or remedies they will rely, or to make their petition more definite and certain, the judgment of the court below will be sustained if it can be upheld upon any of the remedies or by combining any of them which are not inconsistent.

3. CONTRACT—*Measure of Damages—Erroneous Instruction.* An instruction which lays down the measure of the plaintiff's damages as the difference between the actual value of the thing sold at the time of sale and what it would have been worth if it had been as warranted is incompatible with the rule upon a rescinded contract, and must have misled the jury as to the proper basis upon which to found their verdict if an action of rescission is relied upon.

4. ——— *Warranty—Parol Evidence Inadmissible.* When the contract is in writing, and contains no warranty except a warranty of title, parol evidence is inadmissible to show any other warranty.

5. ——— *Evidence of Fraud Necessary.* In an action to recover the damages sustained by reason of the false and fraudulent representations of the defendant, the evidence must show that the defendant knew either that the representations were false, or that

they were made as upon his knowledge, or that he had good reason to believe they were false; otherwise the plaintiff cannot recover.

MEMORANDUM.— Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by Henry G. Pert and James B. Johnson against The Kansas Refrigerator Company. Judgment for plaintiffs. Afterward the death of plaintiff Johnson was suggested to the court, and the judgment was revived in the names of H. G. Pert and Nancy J. Johnson, as administrators of the estate of James B. Johnson, deceased, and H. G. Pert. Defendant brings the case to this court. Reversed. The opinion herein, filed December 7, 1895, states the material facts.

*Kos. Harris,* and *R. R. Vermilion,* for plaintiff in error.

*Ed. O'Bryan,* for defendants in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the court of common pleas of Sedgwick county, Kansas, by Henry G. Pert and others against the Kansas Refrigerator Company. The petition filed in the court below alleges that said company sold to said Pert and others the exclusive right, under certain patents, to manufacture, sell and use certain ice-making refrigerating machines in Harper county, Kansas, and conveyed said right to them by their bill of sale in writing, dated the 23d day of February, 1889, which is made part of said petition as "Exhibit A"; that "as part and parcel of said contract" said defendant company did represent to said Pert and others that the said machine would do certain things (naming them); that, relying on the representations as being

truthful, they paid said company $1,000; that the allegations were false and fraudulent and the machine worthless, and known to be so by said company at the time of the sale; that the said Pert and others expended large sums of money in trying to make it work (giving items); that by reason of the utter uselessness of said machine to do the work guaranteed of it by the said defendant they have lost and been damaged in the sum of $1,825.54. The answer of said company was a general denial. A verdict was returned and judgment entered for plaintiffs below for $795, and the defendant brings the case here for review.

We are unable to determine what remedy is sought to be enforced in this case. There is an intermingling of three different remedies, as follows: (1) An action to rescind the contract, return the property, and recover the purchase price; (2) an action upon a breach of warranty; (3) an action to recover the damages sustained by reason of the false and fraudulent representations made. These three remedies are so interwoven in all the proceedings in the case that we cannot determine which remedy is relied upon as the basis of recovery. The pleadings, the evidence, the instructions and the briefs upon both sides all relate to the three different remedies, and treat them in such a manner that it is clear to us that the attorneys and the court were confused as to the real nature of the action, and were endeavoring to bring into the case some portions of all three of these remedies. This cannot be done. These three remedies are of such a nature that they cannot be combined. A person cannot rescind a contract and also enforce it. (*Weybrich v. Harris*, 31 Kan. 92.) A person may rescind and repudiate a fraudulent contract by putting

the other party in the same condition he was in before the contract was entered into, and whatever has been paid or delivered by the one who rescinds the contract must be returned to him; and it, or its value, may be recovered in an action brought therefor. This doctrine is recognized in *Bell v. Keepers*, 39 Kan. 105. Unless the contract is rescinded it must stand as the contract of the parties. The person defrauded may affirm the contract and recover upon a breach of the warranty contained therein, if the contract contains a warranty, or he may affirm the contract and recover whatever damages he may have sustained by reason of the fraud.

In the case at bar, the plaintiff in error filed no motion to require the defendants in error to elect upon which cause of action they would rely or which remedy they would pursue, or to make the petition more definite and certain ; therefore, if the judgment of the court can be sustained upon any of these remedies, or by combining any of them which are not inconsistent, it will be done. Upon a very careful examination of the record, however, we find that the judgment must be set aside and a new trial granted, whichever remedy is relied upon. We shall not attempt to point out all of the errors committed upon the trial in the court below, for the reason that they will not be likely to be repeated in another trial. We will only point out such as will show the reasons for this decision and such as are likely to be repeated.

The judgment cannot be upheld upon an action to rescind the contract, for the reason that the instructions of the court were inconsistent with the idea of rescission. Instruction No. 2 reads as follows :

"If you find from the evidence that the plaintiffs, relying upon the certain statements and representa-

tions of the defendant company, were induced to and did purchase the right to manufacture and sell said machines and process in the county of Harper and state of Kansas, and that said representations were false, and that by reason of such false representations plaintiffs parted with any money, or other good and lawful consideration, then the measure of plaintiffs' damages will be the difference between the actual value of the thing sold at the time of sale and what it would have been worth if it had been as warranted."

The others are along the same line. This lays down a measure of damages incompatible with the rule upon a rescinded contract, and certainly must have misled the jury as to the proper basis upon which to found their verdict, and was prejudicial to the rights of the plaintiff in error.

Our attention is called to the length of time between the discovery of the alleged fraud and the attempted rescission; also, to the payment of part of the purchase price and the disposition of certain territory after the discovery of the alleged fraud. These are questions to go to the jury, under proper instructions, if an action of rescission is relied upon.

The judgment cannot be upheld upon an action to recover upon a breach of warranty, for the reason that the contract was in writing and contained no warranty except warranty of title. (*Rodgers v. Perrault*, 41 Kan. 385; *Breeding Association v. Scott*, 53 id. 534.) And the instructions failed to state the law governing written contracts and to apply it to the facts proved. (*Slatten v. Konrath*, 1 Kan. App. 636.)

The judgment cannot be upheld upon an action to recover the damages sustained by the defendants in error by reason of the fraud of the manager, agents or officers of the plaintiff in error, because there is a total lack of evidence that they knew that their repre-

sentations were false, or that they were made upon their knowledge, or that they had good reason to believe they were false. (*Breeding Association v. Scott*, 53 Kan. 534.)

The judgment cannot be upheld by combining the action to rescind the contract for fraud and the damages sustained by reason of the false and fraudulent representations made by the plaintiff in error to the defendants in error, for the reasons already given for not upholding either separately. They are nowhere strengthened by being combined.

The judgment of the court below will be set aside, and the cause ordered sent to the district court of Sedgwick county, Kansas, with instructions to grant a new trial.

All the Judges concurring.