PEREZ M. FROST & another *vs.* GEORGE P. BLANCHARD & others.

A. sold and delivered to B. certain goods on his written order. The parties, disagreeing about the price, subsequently met, when both signed a writing certifying that B. agreed to accept the bill of goods as delivered, with certain changes; which changes A. there-upon made. In an action by A. against B. for the price of the goods, *Held*, that this second writing merged all antecedent negotiations and stipulations, whether oral or written, and that oral evidence was inadmissible to prove that on the day of the original order, A. warranted the goods to be of the best material and workmanship, and that B. would not have bought them without such warranty.

CONTRACT to recover the price of a bill of scythe snaths.

At the trial in the superior court, before *Rockwell*, J., the plaintiffs offered in evidence a copy of their list of prices for 1865 and an order dated January 7, 1865, and signed by the defendants, running as follows: " Palmer, Jan. 7, 1865. We hereby order of Messrs. Frost, Derby & Flint one hundred doz. scythe snaths at 20 per cent. from price list, delivered, payable August 1, 1865. (Signed) Blanchard & Co.;" and it was proved that on March 22, 1865, they delivered to the defendants one hundred dozen loop snaths in pursuance of that order; that subsequently some correspondence passed between the parties, growing out of a claim of the defendants that a further discount should be made from the list prices ; that on May 25 the parties met, and after examining the snaths, which were then in the defendants' control, executed an instrument in writing as follows : " Palmer, May 25, 1865. This is to certify, that we, Blanchard & Co., agree to accept of the bill of snaths as forwarded, at 25 per cent. discount from list, with 25 doz. 1 & 2 returned, you paying half of the returned freight and receive 25 doz. 1. ring at list price 25 per cent. delivered, payable Aug. 1, 1865. (Signed) Frost, Derby & Flint. Blanchard & Co. ; " and that, pursuant to this instrument, twenty-five dozen loop snaths were returned to the plaintiffs, and ring snaths were sent to and received by the defendants instead.

The defendants then offered to prove by oral evidence, that on January 7, 1865, the day the order was given, the plaintiffs

represented and warranted the snaths to be of the best material and workmanship, and that they should not have bought the snaths but for such warranty.

The plaintiffs objected to the introduction of this evidence, and claimed that the instrument executed on May 25 constituted a complete contract between the parties, according to the terms of which their rights were to be determined ; but the judge ruled that the agreement of May 25 was merely supplementary to the contract of January 7, and not a complete and independent contract, and admitted the evidence ; to which ruling the plaintiffs excepted.

Subsequently the defendants excepted to certain rulings by the judge on the admission of evidence offered by the plaintiffs as to the material and workmanship of the snaths, which exceptions, by the decision of this court on the plaintiffs' exceptions, are now immaterial.

*G. Wells* (*N. A. Leonard* with him), for the plaintiffs, cited *Davis* v. *Ball,* 6 Cush. 505 ; *Haynes* v. *Haywood,* 41 Maine, 488; *Chase* v. *Jewett,* 37 Maine, 351 ; *Harnor* v. *Groves,* 15 C. B. 667.

*H. Morris,* for the defendants. The warranty may be shown by parol evidence, notwithstanding the two writings. The sale was by parol, at least in part. The writing of January 7 was only a proposal. The sale was complete only when it was acted upon. *McIntyre* v. *Parks,* 3 Met. 207. *Boston & Maine Railroad Co.* v. *Bartlett,* 3 Cush. 225. *Beckwith* v. *Cheever,* 1 Fost. (N. H.) 41. The writing of May 25 purports to be only supplementary to a previous agreement. By itself it is unintelligible. Taken together, the two writings are incomplete without further elements. They do not show the whole transaction. *Jeffery* v. *Walton,* 1 Stark. 267. *Potter* v. *Hopkins,* 25 Wend. 417. If they do constitute a perfect contract of sale, still parol evidence is admissible to prove another distinct contract, not contradicting or varying the contract of sale, to wit, a warranty of the quality. *Davenport* v. *Mason,* 15 Mass. 90. *Lapham* v. *Whipple,* 8 Met. 59. *Preble* v. *Baldwin,* 6 Cush. 553. *Shepherd* v *Temple,* 3 N. H. 455. *Hersom* v. *Henderson,* 1 Fost. (N. H.

224. It is admissible also to show the consideration of the purchase or the inducement to it, and a failure thereof. *Shepherd v. Temple, ubi supra. Dickinson* v. *Hall,* 14 Pick. 217. *Rice* v. *Goddard,* 14 Pick. 293.

Foster, J. A previous or contemporaneous warranty cannot be engrafted by parol evidence on a written contract. *Boardman* v. *Spooner,* 13 Allen, 353.

In our opinion, the agreement of May 25, reduced to writing and subscribed by both parties, merged all antecedent negotiations and stipulations, whether oral or written, and must be taken to be the complete expression of their entire bargain with each other, by which alone their rights and liabilities are to be determined. We discover no reason for supposing it to be supplementary to the contract of January 7, in any such sense as to admit verbal evidence of the transactions of that day to add to or vary its terms. The goods sold had been already delivered by the plaintiffs to the defendants, having been forwarded two months before. The parties disagreed as to the terms on which the defendants were bound to accept and pay for them. Thereupon it was agreed that the defendants should return a part and keep the rest, and pay for the articles kept a specified price. This written agreement adjusted their differences, and is complete in itself, requiring only the addition of the bill previously rendered to show how many had been forwarded, and proof of what was the list price from which the twenty-five per cent. discount was to be deducted. *Exceptions sustained.*