## EDWARD S. PIKE *vs.* GEORGE P. FAY.

In an action for breach of a written agreement to receive " white willow cuttings " and pay for them, parol evidence is admissible to show that the sale was by sample, and that the cuttings tendered did not correspond with the sample, and were not identical in kind with those described by the vendor, and which he undertook to deliver.

In an action for breach of an agreement to receive goods and pay for them, in which the plaintiff relies on a tender to the defendant of his proportional part of a general lot, evidence of the character of goods received by others from the same general lot is competent to show that the goods tendered did not correspond with representations made by the plaintiff to the defendant as an inducement to the agreement.

Representations by the vendor of willow cuttings as to their growth, appearance and vitality, so far as these representations are of a promissory nature, relating to what will be in the future, or so far as they are expressions of opinion, are not fraudulent so as to avoid the contract of sale, unless known by the vendor to be untrue.

CONTRACT for breach of a written agreement to receive willow cuttings and pay for them. The agreement was as follows

" Natick, Oct. 27, 1864.    Mr. E. S. Pike.    Please send me enough of white willow cuttings from eight to ten inches long, planted about six and one half inches apart, for ½ mile of fence, being five thousand cuttings, for which I promise to pay you or bearer forty dollars on their delivery at Natick during the spring of 1865.    G. P. Fay."

The answer denied the delivery, and alleged that the cuttings were not such as the plaintiff had agreed to send ; that the agreement to purchase was based on a sample with which the cuttings did not correspond ; and that the defendant was induced to enter into the agreement by the false representations of the plaintiff.

At the trial in the superior court, before *Brigham,* J., the plaintiff introduced evidence to show that several boxes of cuttings, intended to supply the order of the defendant and orders of others in the vicinity, but not separated into lots, were delivered at the freight depot in Natick ; that notice of such delivery was given to the defendant, and certain cuttings were pointed out to him by the plaintiff's agent ; and that the defendant refused to accept his proportion of the general lot at the depot, or the specific lot tendered to him by the plaintiff's agent.

The defendant, against the plaintiff's objection, was allowed to put in evidence tending to show that an agent of the plaintiff called on the defendant, showed him samples of willow cuttings three fourths of an inch in diameter and from eight to ten inches long, represented that such cuttings were valuable for fences and hedges, exhibited at the same time drawings and photographs of a fence and hedge as indicating the growth and appearance of fences and hedges growing from such cuttings, and, in answer to the defendant's inquiries, represented that willows growing from such cuttings as he exhibited were so tenacious of life that ninety-nine out of a hundred would live when planted, and that their roots ran downwards and not laterally ; hat the defendant was induced by these acts and declarations of the plaintiff's agent to sign the agreement declared on ; and that the cuttings which the plaintiff's agent pointed out to the defendant at the depot in Natick, as the cuttings furnished by the

plaintiff to him in fulfilment of the order, were from one eighth to five eighths of an inch in diameter, and less than from eight to ten inches in length, and otherwise inferior to the cuttings exhibited as samples.

The defendant was also allowed, against the plaintiff's objection, to introduce evidence tending to show that persons in Natick, who, at about the same time with the defendant, ordered willow cuttings of the plaintiff through the solicitation of the same agent, received them from the general lot sent to the Natick depot; that the cuttings so received were similar in size and quality to those offered to the defendant, and were less than three fourths of an inch in diameter and less than from eight to ten inches in length, and that, when planted, most of them died, and those which lived and grew had long lateral roots.

The plaintiff requested the judge to instruct the jury that if the defendant relied upon the fact that the representations made by the plaintiff's agent at the time of signing the order were false and untrue, then the defendant must prove, not only that such representations relied on were made and were untrue, but also that the plaintiff or his agent knew them to be false and untrue when he made them. But the judge refused so to instruct the jury, and did instruct them that, upon the pleadings, if the plaintiff's agent, by his acts and declarations, made said representations and thus induced the defendant to order the cuttings, and if those representations were in fact untrue, the verdict should be for the defendant, although there was no evidence that the plaintiff or his agent knew them to be untrue when made.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. W. Bacon*, for the plaintiff.

*T. H. Sweetser & W. S. Gardner*, for the defendant.

WELLS, J.    We think the evidence offered by the defendant was properly admitted.

If the sale was made by sample, the description of the sample was competent upon the question whether the article tendered corresponded with that offered for sale.  *Hogins* v. *Plymp-*

*ton,* 11 Pick. 97. So also the descriptions given verbally by the defendant's agent, and the corresponding descriptions of the article delivered, were competent upon the question whether they were the same article. *Stoops* v. *Smith,* 100 Mass. 63. But such evidence must be confined to the question of identity in kind, and not extended to comparisons in degree or quality. It is admissible only when the writing does not distinctly define the article to be delivered, so as to enable its identity to be seen upon the face of the transaction. It does not appear that "white willow cuttings" were such an article as would be known and recognized by that description merely, so as to enable the jury to determine what would be a sufficient and proper fulfilment of the contract, without further evidence.

If the defendant relied upon the defence of deceit by false representations, the testimony of other persons in Natick who had received cuttings from the same general lot, sent there for delivery to the defendant and themselves without discrimination, tended to show the falsity, in fact, of the representations alleged to have been made. The plaintiff might rely, for his proof of performance on his part, either upon the tender of the specific lot offered to the defendant, or upon his offer and the defendant's refusal to accept his proportion of the general lot at the depot in Natick. It does not appear that the plaintiff elected upon which he would rely. It was open to the defendant, therefore, to offer testimony applicable to either aspect of the case. In one aspect, the testimony of the other persons in Natick applied directly to the same cuttings which were offered to the defendant in fulfilment of the contract with him.

But so far as the representations upon which the defendant relies were of a promissory nature, relating to what would be in the future, and so far as they were expressions of opinion, they are not fraudulent, so as to avoid the contract, unless the plaintiff or his agent knew them to be untrue, or made them for the purpose or with the intent to deceive.

Most of the representations relied on, and to which the evidence of falsity applied, were of this character. The ruling of the court in this respect was therefore erroneous.

*Exceptions sustained.*