BRYAN ATWATER *vs.* MICHAEL CLANCY & another.

If a plaintiff joins a count in tort with a count in contract for the same cause of action, it is discretionary with the court to permit him to go to the jury upon both.

An ordinary bill of the parcels, receipted by the seller of goods, is not such a memorandum of the contract of sale as will bar the buyer from proving by parol evidence a warranty of their quality.

It is competent for a jury to find that a sale of a lot of tobacco was made by sample, on evidence that the seller, in the buyer's presence, drew bunches of the tobacco out of some of the cases and said that he would warrant it to be like them all through, whereupon the buyer entered into negotiations as to a price and concluded the purchase.

The testimony of experts is competent on the questions, whether it is possible to examine all the layers in a case of old tobacco without injuring the tobacco, what is the proper method of examining such a case to determine the kind and quality of the tobacco, and whether it is a usage of the trade to buy old tobacco by sample.

Evidence of a usage in trade to sell a certain kind of goods by sample is admissible to support testimony that a lot of such goods was sold so.

The testimony of a witness, called as an expert upon the question what is the proper way to examine a case of tobacco, is admissible, that it is " to open the case, get down into it, be sure you have the average of the sweat of it, then draw three or four hands, and ask the man if this is the average of his crop."

On the trial of an action for breach of a warranty of the quality of eight cases of tobacco sold by the defendant to the plaintiff, evidence is competent of a warranty as to seven of them only.

On the trial of an action to recover damages for breach of the defendant's warranty of the quality of goods sold to the plaintiff, if a letter written by the plaintiff, which is put in evidence to show that he made a claim on the defendant for such damages, states a price for which he resold the goods, the defendant is entitled, upon request, to a ruling that the statement is no evidence of their actual value.

CONTRACT, alleging that the defendants sold the plaintiff nine cases of tobacco for $620.26, and to induce him to buy them warranted the tobacco in eight of the cases to be of a grade known as " wrappers," and of the quality throughout that was indicated by samples which they showed him, but that the tobacco was of an inferior quality, and part of it not wrappers but of an inferior grade known as " fillers" and of little value. A count in tort was added, for the same cause of action, alleging that the defendants induced the plaintiff to buy the nine cases of tobacco for $620.26 by false representations in the particulars above described. Writ dated March 13, 1869. The answer admitted that the defendants sold the plaintiff nine cases of tobacco for $620.26, and denied all his other allegations.

At the trial in the superior court, before *Rockwell*, J., the plaintiff testified that in June 1868 he went with the defendants to examine their 1864 crop of tobacco in a shed near their house in Hatfield ; that they represented to him that they had eight cases of wrappers, and one case of a grade called "binders," of that crop ; that they opened the cases of wrappers and drew from two to four "hands" of tobacco out of each case, and some of that drawn was thirty and none less than twenty-four inches long ; that he did not draw out any tobacco, but asked them if they would warrant it to be the same all through as what they drew, and they said they would ; that he observed nothing to indicate that they did not draw fairly ; and that he thereupon bought the whole lot of tobacco at the rate of twenty cents per pound for the eight cases of wrappers and seven cents per pound for the case of binders, amounting to $620.26, which he paid them, and took a bill, signed by them, in the following form : " Hatfield, June 9, 1868. Bryan Atwater, Bought of Michael & James Clancy, Nine cases of leaf tobacco, (8 cases, net weight 2976 @ 20c. $595.20 ; 1 case, net weight 358 @ 7c. $25.06,) $620.26. Received payment by check ; " that the tobacco was to be carted to the railroad station and forwarded to him to New York ; that on its arrival in New York he opened the cases, and found that in the eight cases bought as wrappers there were only 1,219 pounds of wrappers and 1,757 of fillers ; that the value of fillers at that time was less than five cents per pound ; that he then wrote to the defendants on the subject (but had no copy of his letter) and afterwards wrote to them again, demanding a return of part of the price of the tobacco, and received a reply from Michael Clancy (which was put in evidence) dated October 16, 1868, in these terms : " I received your letter, and I beg leave to state to you that when I sold you my tobacco I considered it a trade. What was before your eyes I should think you could see for yourself. I called it a trade for my part, so I hope you will call around and see the new crop, it is good ; " and that, hearing nothing further from the defendants after this correspondence, he went to their place in Hatfield in March 1869, and had a conver- sation there, in which Michael Clancy admitted that he packed

some fillers at the bottom of two or three of the cases of wrappers.

The plaintiff called several dealers in tobacco as experts, and asked them the following question, which was objected to by the defendant and the objection overruled : " Whether or not there is anything in the condition of an old crop of tobacco, (meaning by an old crop a crop three or four years old,) when purchased in cases, which makes it impracticable for the buyer to examine all the layers of the case ? " All of them answered that it would be impossible to make such an examination without injuring the tobacco, except one, who said it would be ·impracticable without taking off the case ; and some of them gave at length the reasons of their opinions.

One of these witnesses, John Smith by name, was asked the following question, which was objected to by the defendant and the objection overruled : " What is the proper way of examining a case of tobacco ? " To this Smith answered : " You open the case, and get down into the case, and be sure you have the average of the sweat of the case, then draw three or four hands, and then ask the man if this is the average of his crop." He was also asked, under the objection of the defendants, " whether or not buying by sample is a custom known to the trade ; " to which he answered that it was.

When the plaintiff rested his case, the defendants requested the judge to require him to elect upon which count of the declaration he would rest it ; but the judge refused to do so, and allowed him to go to the jury upon both counts.

Among the evidence introduced by the defendants, there was testimony tending to show that of the nine cases of their 1864 crop, which the plaintiff bought in June 1868, seven (not eight) cases were wrappers, one was binders, and one fillers, and that no fillers were put into the cases of wrappers ; that they first asked the plaintiff twenty cents per pound for the entire lot of tobacco, without distinction of kind, and finally sold it to him for twenty cents per pound for the wrappers and binders, and seven cents per pound for the fillers ; that the plaintiff had opportunity to examine the tobacco, and did examine it, as much as he chose

that the plaintiff drew some short hands of wrappers out of one of the cases, and spoke of their being short, and the defendants told him that it varied in length ; and that nothing whatever was said about a warranty ; that after the tobacco was sent to New York they heard nothing of it until September 1868, when the plaintiff came to their place again and in conversation with them said it was not what it was represented to be, and that there were some binders at the bottom of two or three of the cases ; that Michael Clancy replied that there were some short wrappers at the bottom of two or three of the cases, which he did not think to mention when they sold the tobacco, but there were no binders in the cases of wrappers, and the sale was a fair sale ; that the next they heard on the subject was by a letter from the plaintiff dated in New York on October 7, 1868, to which their letter of October 16 (which the plaintiff had put in evidence) was a reply ; that they received an answer from the plaintiff under date of October 17 ; and that they heard nothing more on the subject until March 1869, when the plaintiff told them that he should sue them and did so.

The plaintiff's letters of October 7 and October 17 were both put in evidence, and the following is the material part of the letter of October 7 : " I have at last disposed of the tobacco bought of you. It brought $493. I paid you $620.26 ; freight, cartage, storage, and insurance could not be less than $20, besides my own time ; leaving a deficiency of $157.26 as the direct result of false packing. When I bought the tobacco, you stated it was all wrappers except one case of fillers and one case of binders. But the truth is, that four cases more of it were binders and fillers, which you admitted when I called last upon you that you knew. You are liable to me to that amount, and addition of expenses and trouble. I do not like to be imposed upon in that manner ; we must depend upon the representations of the party we buy of, as it is impossible to see every leaf in the cases ; and when parties pack in tobacco of a kind different from what is represented, to wit, fillers and binders among wrappers, they are liable in heavy damages for obtaining money under false pretences  Let me know by return mail what you propose. If you

will send me a check for the $157.26, I will drop it; otherwise I shall see what I can do."

The following is all but the formal parts of his letter of October 17 : " Yours of yesterday has arrived. Contents noticed. I wrote you thinking we might settle our affairs without a suit at law; but I see I was mistaken. You must be made to know that no man, unless too stupid to do business, will submit to such an imposition. You will shortly hear from me in another way."

There was no evidence that short wrappers were not worth as much as long ones, if of good quality.

The defendants contended " that, inasmuch as there was a written bill of sale from the defendants to the plaintiff, no warranty could be proved by parol, and further, that no warranty could be implied in the case ; " but the judge ruled " that there was nothing in relation to the bill of sale, which would prevent the plaintiff from recovering upon the theory either of an express or an implied warranty."

The defendants also contended that there was no evidence that the sale was by sample ; but the judge ruled " that there was evidence tending to show that the sale was by sample, and that, although the evidence about the guaranty was not in the case, the jury might be satisfied that there was a sale by sample, and upon the ground that the remaining part of the tobacco was not equal to the sample, if the jury were satisfied of that, it would be sufficient."

The defendants requested a ruling " that if there was a sale of seven cases of wrappers, and a warranty applicable to them and not to a sale of eight cases of wrappers, then there would be a variance, and the plaintiff could not recover on the first count ; " but the judge ruled " that it was not necessary for the plaintiff, under the declaration, to prove the precise fact that there was a defect in eight of the cases in this particular; that if it was proved that seven cases were sold as wrappers, and the eighth case was sold as binders, and the ninth case was sold as fillers, that discrepancy would not affect the right of the plaintiff to recover ; that if it was proved that instead of eight cases there was a loss only on seven, that would only affect the amount of

damages; that there was no such accuracy required in the dec-
laration as to prevent the evidence given from applying to the
tobacco as the jury should find it would apply."

The defendants also asked for an instruction to the jury "that,
if there was a warranty that the tobacco was wrappers of the sub-
stantial quality of the samples, the fact that some of the wrappers
were shorter than the hands examined would not be a breach of
the warranty, unless the jury should find that they were so small
as to be substantially different and less in value than the hands
examined;" and the judge instructed the jury that it was their
duty to be satisfied as stated in the request, but added: "The
plaintiff claims that the sale was by sample, and claims that the
samples exhibited were wrappers, that they were long wrappers,
and claims that he has proved that the cases were filled up with
short hands, which he says ought not to be described as wrappers.
The defendants claim that, if there were short hands in the cases,
they were still of so good a quality, so fit for the purposes for
which the tobacco was to be used, that they ought to be called
wrappers, and were properly called wrappers. The warranty
upon which the plaintiff claims is, that of the tobacco, which was
exhibited by sample, the remaining part of it was not wrappers
as good as the wrappers exhibited. It will be for the jury to say,
and it is a question of fact for the jury, whether they were wrap-
pers or not, and if they were, then whether as good as those
exhibited." The defendants then requested a further instruction
"that, if the tobacco in the cases warranted was all wrappers,
there was no evidence upon which the jury could find damages
for the plaintiff;" but the judge declined so to rule, and in-
structed them "that the plaintiff claimed to recover because the
remaining part of the tobacco, the great bulk of it, was not as
good as the samples; that it might be that the jury might not
be able to determine from the evidence whether a portion of that
was properly called wrappers and a portion not; but that, if the
plaintiff had shown that, by reason of its shortness, of its de-
ficiency in that way, it was not substantially wrappers as good as
those exhibited by the samples, it would be sufficient." The
counsel for the defendants then "called attention to the request

which was that there was no evidence in the case that short wrappers were not of the price of long ones ; " but the judge ruled " that this was a question for the jury upon the evidence, and he did not feel called upon to say anything about it."

Finally the defendants requested a ruling " that the statement in the plaintiff's letter of October 7, as to what he had sold the tobacco for, was no evidence of the actual value of the tobacco which could be considered by the jury ; " but the judge declined so to rule, and instructed the jury " that the evidence was in, and what its effect should be upon the question of damages was for the jury and not for the court;" and he said : " It is in the case, and I cannot say what they will do with it. I rule that it is in the case as evidence, and I have nothing to say about it."

The verdict was for the plaintiff on his first count; and the defendants alleged exceptions.

*W. Allen & D. W. Bond*, for the defendants.

*C. Delano & J. C. Hammond*, for the plaintiff.

CHAPMAN, C. J. 1. The declaration contains a count in tort and a count in contract, alleging that both are for the same cause of action ; and the defendants, after the plaintiff had rested his case, asked the court to require the plaintiff to elect which of the two counts he would rest his case upon. The court refused to do this, but allowed the plaintiff to go to the jury on both counts. This ruling is excepted to. But the request was addressed to the discretion of the court, and the ruling was not subject to exceptions. *Carlton* v. *Pierce*, 1 Allen, 26. *Sullivan* v. *Fitzgerald*, 12 Allen, 482. *Crafts* v. *Belden*, 99 Mass. 535. In *Mullaly* v. *Austin*, 97 Mass. 30, the remark contained in the opinion, as to compelling the plaintiff to elect which count he would proceed upon, related to two counts in contract, setting forth contracts inconsistent with each other, and not to a case like this.

2. The defendants further except to the admission of parol evidence to prove a warranty, because a bill of sale was given. The bill given was a mere bill of parcels, and not such a contract as would exclude the parol evidence. *Hazard* v. *Loring*, 10 Cush. 267. *Boardman* v. *Spooner*, 13 Allen, 353. *Frost* v. *Blanchard*, 97 Mass. 155.

3. The defendants further except, because the court declined to instruct the jury that there was no evidence that the sale was by sample. We think there was evidence on this point. Samples of the tobacco were exhibited as such, and the circumstances under which it was done were competent to be submitted to the jury.

4. The questions, whether there is anything in the condition of a case of old tobacco which makes it impossible for a purchaser to examine all the layers without injury ; the proper method of examining a case of tobacco ; and whether buying by sample is a custom known to the trade ; relate to matters which are best known to experts. The fact that it is a custom to buy in that way, though it may not prove that the sale in this case was made in this manner, tends to show that the plaintiff's statement on the subject was not incredible, but might be true. The answer of Smith as to the proper method of examining a case, though it might be, as the defendants contend it is, so absurd as to destroy the force of his testimony, yet was not inadmissible, nor did it render the question inadmissible.

5. There was no variance. It was not necessary for the plaintiff to prove the whole claim alleged in his writ. Evidence to prove a sale of seven cases would be proper under a count alleging the sale of eight cases. So as to the warranty.

6. The instruction given to the jury as to the short wrappers was correct. Under it, the jury would be required to find, in order to sustain the action, that the short wrappers were not substantially as good as those that had been exhibited as samples.

7. But the final exception must be sustained. The plaintiff had written a letter to the defendants, stating his claim against them and the grounds of it. It was dated October 7, 1868. He had notified them to produce it, and as they did not do so he proved its contents by parol. They afterwards put in the original. The plaintiff put in their reply to it. As evidence that he made a claim upon them, and of the time when he made it, his letter was evidence, and also of what the claim was. The defendants asked the court to rule that the statement made in this letter, as to what the plaintiff had sold the tobacco for, was

no evidence of its actual value, which could be considered by the jury. But he declined so to rule, and said that it was in, and what its effect should be on the question of damages was for the jury and not for the court. He also said it was in the case as evidence, and he had nothing to say about it. We think the defendants were entitled to the ruling thus asked. Though the letter was in, it was not in for the purpose indicated in the request. The plaintiff could not thus prove the value of the property by his own statement.

*Last exception sustained ; the others overruled.*