JOSEPH W. VALE *vs.* JOSEPH W. BUTLER & another.

In an action for the price of the right to use an oven for which the plaintiff held letters patent and which he had built for the defendants, the defence was that the plaintiff agreed that if the oven which he built was not of a certain capacity, the defendants need pay nothing for the right; and that it was not of that capacity ; and the case was submitted to the jury upon the issues raised by this defence. *Held*, that evidence that others of the plaintiff's patented ovens of the same size and construction were of said capacity was inadmissible.

CONTRACT to recover $400, the price of the right to use one of "Vale's Rotary Ovens," for which the plaintiff held letters patent.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff introduced evidence that, through his agent, Joseph Atkinson, he agreed with the defendants, who were bakers, to build one of these ovens for them, and that they should pay, besides the cost of the work and materials, $400 for the patent right.

The defendant introduced evidence that Atkinson warranted that the oven which ·he built for them would have a capacity of baking at least fifteen barrels of flour into such ship bread as they were making, in a day of ten hours, and agreed that if it did not prove to have such capacity, they need pay nothing for the patent right ; that the oven did not have such capacity ; and that they notified Atkinson, and requested him to send some one to make trial of the oven, which he had never done.

The defendants then introduced evidence that Atkinson had not made any warranty except as to the capacity of the "Vale Rotary Oven" generally ; that such warranty was that it had a capacity of baking twenty barrels of flour into ordinary commercial ship bread in ten hours ; and that he had declined to make any warranty as to its capacity of baking such ship bread as the defendants were in the habit of baking.

"It was admitted by the defendants, that, in the course of the negotiations with Atkinson, they had been referred to a bakery at Cambridgeport, where one of these patent ovens was in operation, and that one or both of them had visited it and seen the oven, which was of the same size and materials, and called by the same name as that built for the defendants. The plaintiff then offered to prove, by the testimony of Henry Withington and others, what was the capacity of the oven of the same size as the defendants', and particularly of the oven in Cambridgeport, and also to show that said ovens were uniform in their construction and operation. None of the witnesses whose testimony was offered had ever seen the oven of the defendants in operation. The defendants objected to the admission of this testimony, and stated that they ·should not claim a verdict unless they should satisfy the jury that Atkin-

son, acting as the agent of the plaintiff, distinctly agreed with them that they should not be called upon to pay anything for the patent right, unless the oven which he built for them should have the capacity of baking fifteen barrels of flour into such ship bread as they were then making, in a day of ten hours ; and that the oven which he built for them did not have such a capacity.

" Upon this statement, the judge excluded the evidence, and instructed the jury that the plaintiff was entitled to recover, unless the defendants satisfied them that their promise to pay $400 was obtained from them by Atkinson, upon the distinct guaranty from him that the oven which he built for them should have the capacity stated, and if it failed to have that capacity they need pay nothing for the right; and that the oven which he built, in fact, failed to have that capacity ; and further, that if the guaranty was general, and did not apply to that particular oven, the plaintiff was entitled to a verdict."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions to the admission of the evidence objected to.

*A. Noyes,* for the plaintiff.

*S. B. Ives, Jr., & E. F. Stone,* for the defendants, were not called upon.

BY THE COURT. The testimony of Withington and others was properly rejected, because it was immaterial on the point upon which the case was submitted to the jury.

*Exceptions overruled.*