WATERS' PATENT HEATER COMPANY *vs.* ZENAS E. SMITH & another.

Suffolk.    March 21. — June 26, 1876.    DEVENS & LORD, JJ., absent.

To prove that the representations of the vendor of a machine as to its efficiency in certain particulars were false, it is competent to show that other similar machines, made and sold by the same vendor, had upon trial been found defective in those particulars.

A machine was ordered by a person on an agreement to try the same within a specified time according to certain directions, and to pay for it, unless it should fail to work as represented by the vendor. *Held*, that if it had been ascertained by actual trial that machines exactly similar were necessarily incapable from their construction of doing what was promised for them, the person proposing to buy was not bound to put the particular one to the test of actual experiment.

CONTRACT upon the following agreement, signed by the defendants :

" Boston, April 20, 1874.   We order this day from The Waters' Patent Heater Company, of West Meriden, Conn., to be shipped to us by railroad, within ten or fifteen days, one Patent Feed Water Heater, one hundred and twenty-five horse boiler capacity, and agree within thirty days from its receipt to attach the same to our works, as per printed directions, and sixty days from the date of receipt of heater agree to pay said company the sum of four hundred and ten dollars, cash, or four months' note with interest, unless the same fails to work as represented in the circular, in which case we have the privilege of returning the same at the end of said sixty days."

The declaration set forth the above agreement and alleged the delivery of the article to the defendants more ʰhan sixty days

before the date of the writ, and also the defendants' neglect and refusal to attach the heater to their works within thirty days after its receipt according to their agreement, in order to test it. The answer set up that the defendants were induced to enter into the contract " by the false and fraudulent representations of the plaintiffs as to the capabilities of the said heater ; " that it did not work as was represented, and that they had offered to return it.

At the trial in the Superior Court, before *Pitman*, J., the plaintiff introduced the evidence of its president, one Wilcox, that some time in April, 1874, prior to the date of the contract, he called upon the defendants, and introduced to their notice, by means of certain circulars and wood cuts, a certain patent feed water heater, made and sold by the plaintiff ; that he explained its peculiar advantages, and informed the defendants that if attached and operated according to the directions, it would keep boilers free from scale and sediment, and prevent the transmission of oil to boilers ; that if any oil did reach their boilers from said heaters, it would be in such small quantities as not to produce injury thereto ; that thereupon the defendants entered into and signed the contract.

The defendants admitted the due receipt of the heater, together with directions for setting and operating the same, and introduced evidence tending to show that prior to the time of entering into said contract they had been seriously troubled with oil in their boilers, and that they were induced to sign said contract solely on account of the plaintiff's representation that under no circumstances would its heater transmit oil to boilers ; that they did not attach the same to their boiler, because they found upon inquiry, soon after signing said contract, that such representation was false. The defendants then proceeded to offer testimony that other like heaters, made and sold by the plaintiff to other parties, transmitted oil to and injured their boilers. To the admission of this testimony the plaintiff excepted, objecting to any evidence concerning any heater or heaters other than the one in question. But the judge admitted the testimony, and ruled that it was competent for the defendants to show that the plaintiff's other heaters, if the jury were satisfied they were identical in construction, necessarily transmitted

oil to, and injured boilers. And the defendants accordingly in-troduced that and other testimony tending to show that prior to the making of the contract declared on, Wilcox knew that the heaters transmitted oil to the boilers in dangerous quantities, which was contested by Wilcox. The jury found a verdict for the defendants under general instructions not otherwise excepted to ; and the plaintiff alleged exceptions.

*J. R. M. Squire*, for the plaintiff.

*N. Morse*, for the defendants.

AMES, J. Under the instructions given to the jury, their verdict for the defendants imports, not merely that the article which was sold to them was not such as it was warranted to be, but that they were misled and deceived by false representations. The jury must have found that the plaintiff's agent, Wilcox, in-formed the defendants, in substance, that the heater, if attached and operated according to the printed directions, would substan-tially prevent the transmission of oil to the boilers. This was the quality upon which its whole value depended, and it was this assurance, as the defendants contended, which induced them to make the purchase. In order to prove that this representation was false, they were permitted to show that other heaters made and sold by the plaintiff, identical in their construction with that which it had sold to the defendants, necessarily transmit-ted oil to the boilers in injurious quantities. Under the care-fully guarded ruling of the court, the jury must have found that this failure in the operation of the mechanism was not caused by any defect or negligence in the setting or operating, and was not merely accidental or of occasional recurrence, but that it was the necessary and inevitable result of the construction of the mechanism itself. If it had been ascertained that the plaintiff's heaters, exactly like the one which they had sold to the defend-ants, were incapable from their very construction of doing what was promised, and that they must of necessity fail in the exact particular which had been urged and relied upon as their chief merit, there was no occasion for the defendants to go through the ceremony of putting that particular one to the test of actual experiment. The jury must have found, under the instructions, that the plaintiff's agent made such representations ; that they were false, and that he knew them to be false at the time.

The defendants' answer raised an issue of fraud, and upon that issue the evidence admitted was competent and appropriate. Such a fraud, if proved, would avoid the contract of sale. *Pike* v. *Fay,* 101 Mass. 134. In *Vale* v. *Butler*, 111 Mass. 55, relied upon by the plaintiff, the case raised the question of warranty only, and not of deceit. *Exceptions overruled.*