THOMAS S. BORDEN *vs.* SAMUEL FINE & another.

Suffolk.    April 15, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Sale,* By sample. *Contract,* Performance and breach, Consideration. *Waiver.*

In a contract of sale by sample there is an implied warranty that the goods shall correspond with the sample in quality, and if the goods shipped under such a contract are of a quality inferior to the sample the buyer either may refuse to receive them or may retain them and recover damages.

Where there is a contract of sale by sample of cotton sweepings to be shipped in bags, the fact that the buyer had an opportunity for inspection before the bags were shipped to the consignee and that he made an examination of certain bags and rejected such portions as he observed to be defective, does not necessarily de-

prive him of the right to claim damages if on delivery to the consignee the cotton sweepings are found to be of a quality inferior to the sample, and it is a question of fact whether the buyer waived the implied warranty and accepted the contents of the bags as being in accordance with the contract.

The relinquishment of a claim for damages for the breach of a contract of sale by sample by the delivery of goods of inferior quality is a good consideration for a promise of the seller to indemnify the buyer for any loss suffered by him in selling the goods.

CONTRACT for $223.84 on an alleged special promise of the defendants to reimburse the plaintiff for his loss on the sale of certain cotton sweepings purchased by sample by the plaintiff from the defendants. Writ in the Municipal Court of the City of Boston dated July 6, 1910.

On appeal to the Superior Court the case was tried before *Bell,* J., without a jury. The facts in favor of the plaintiff which could have been found upon the evidence are stated in the opinion. The defendants asked the judge to make the following rulings:

"1. That the sale set forth and contained in the plaintiff's declaration was a sale of merchandise without representation, and was not a sale by sample.

"2. That the plaintiff, at the time of purchase, had a full opportunity to and did inspect the goods prior to delivery.

"3. That the defendants saw the bags while being filled, and had a full opportunity to ascertain the contents, and that the defendants did so ascertain the contents.

"4. That the delivery was made at the defendants' place of business, and an acceptance of said goods in law was made at the same place.

"5. That the plaintiff did not inspect shipments within a reasonable length of time after date of delivery. Therefore he must be presumed in law to have accepted such property as was delivered in satisfaction of the order placed.

"6 If it shall be established that the defendants made the promise complained of, such promise or agreement was without consideration.

"7. That at the time the plaintiff alleges the promise or agreement was made with him by the defendants, there was no obligation of the defendants to make such promise, and the plaintiff had no claim on said defendants in force at law.

"8. If there was any liability from the defendants to the plain-

tiffs, such liability was waived and accord and satisfaction entered into between the plaintiff and the defendants at the time when the defendants sold to the plaintiff at a reduced price the cotton, which the plaintiff furnished to 'sweeten' the goods already shipped."

The judge refused to make any of these rulings. He found for the plaintiff in the sum of $231.31; and the defendants alleged exceptions.

The case was submitted on briefs.

*J. H. Blanchard,* for the defendants.

*H. C. Dunbar,* for the plaintiff.

BRALEY, J. The contract for the purchase of the cotton sweepings being oral, its terms are to be ascertained from the evidence, which would have warranted the judge, before whom the case was tried without a jury, in finding that the sale had been consummated upon the representations of the defendants that the goods in bulk to be delivered in the future should be like the sample exhibited. *Atwater* v. *Clancy,* 107 Mass. 369. And there would be a breach of the implied warranty, entitling the plaintiff to rescind upon reasonable notice to the defendants if the four shipments in question fell below the quality bought, or he might retain the cotton and recover damages. *Whitmore* v. *South Boston Iron Co.* 2 Allen, 52. *Pike* v. *Fay,* 101 Mass. 134. *Gilmore* v. *Williams,* 162 Mass. 351, 352. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476. *Procter* v. *Atlantic Fish Co.* 208 Mass. 351, 354. St. 1908, c. 237, §§ 14, 16.

The sample must be deemed to have been one of the essential terms of sale, and, although the plaintiff availed himself of the opportunity for inspection before the shipments to his consignee, the cotton had been bagged by the defendants, and he testified, that during the customary examination* he rejected such portions as he observed to be defective, but the bags were not emptied, and the remainder was expected to be in conformity with the sample. It was a question of fact independently of the place of delivery, whether the plaintiff waived the warranty, and accepted the contents of the bags, and whether after arrival at the place of business of the consignee the cotton upon assortment proved to be of

---

* The plaintiff testified that he cut open such bags as he selected for the purpose.

inferior quality. *Taylor* v. *Cole,* 111 Mass. 363. *Androvette* v. *Parks,* 207 Mass. 86.

The plaintiff's evidence, if believed, having supported his contention, that there had been a breach, and that he had not relinquished his right to insist upon performance of the contract, these issues of fact, as well as the further issue whether after receiving information from the consignee he seasonably inspected the cotton, and gave notice to the defendants of the deficiency, with his claim for reclamation, are settled conclusively in his favor by the judge's finding. *Brigham* v. *Lally,* 130 Mass. 485. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Androvette* v. *Parks,* 207 Mass. 86, 90. St. 1908, c. 237, § 49. The first, second, third, fourth and fifth rulings could not have been given.

It follows that there was a valuable consideration for the alleged promise of the defendants to reimburse the plaintiff for the difference between the price paid and the price obtained at the resale, which according to his evidence he made at their request. *Blount* v. *Wheeler,* 199 Mass. 330. The testimony is conflicting as to the existence of such an agreement, but the judge, as shown by his findings, must have accepted the plaintiff's statements as controlling, and the sixth and seventh requests became inapplicable.

The defense of accord and satisfaction is not raised by the answer. *Grinnell* v. *Spink,* 128 Mass. 25. But apart from any question of pleading the plaintiff denied that his purchase, after the defendants' failure to perform, of certain additional cotton of higher grade was in settlement and adjustment of his demand for damages, and the judge, not having been bound to accept the testimony of the defendants to the contrary, rightly refused to give their eighth request.

The exceptions to the admission of evidence not having been argued must be treated as waived.

*Exceptions overruled.*