AtkiNSok, J.,
delivered the opinion of the court:
Plaintiff company brought this suit against the United States to recover the sum of $1,982.17 claimed to be due as additional cost alleged to have been incurred in the construction of a timber wharf or dock at Lower Toro Cay, United States naval station, Guantanamo, Cuba, in 1904-5.
It is shown by the findings that Naval Engineer C. A. Wentworth, in the month of April, 1904, made certain borings and investigations for the purpose of determining the character of the bottom of a proposed site for a wharf or dock at the naval station, Guantanamo Bay, and as a result of these investigations he prepared the necessary plans and specifications for such a dock. Thereafter the Bureau of Supplies and Accounts of the Navy Department advertised for bids for the construction of said wharf. Section 3 of the specifications contained the following statement: “ It is thought that piles driven from 12 to 15 feet into the bottom, where the water is 25 feet deep, will fill this specification, but the Government will take no responsibility if longer piles are needed.” Early in the month of June of said year it was decided to change the location of the dock to a jioint •about three-fourths of a mile distant from said original location, which it was believed was a more desirable place and better adapted to the needs of the station. Accordingly the work was readvertised on July 7, 1904. In response to this latter advertisement, plaintiff company submitted its bid and was awarded the contract for the construction of said dock for the sum of $11,288.
It appears that the specifications; which were drawn and based on the borings made by the Government at the original site for the dock, were not made known to bidders for the construction of the dock at the new site, and it further appears that no boring tests were made by the Government or anyone else at the new site until after the contract was let to plaintiff company for the construction of the dock.
The findings show that the specifications for the dock at the first location were not changed for the site that was *421 finally adopted; and when subsequent investigations and soundings were made it was found that the piles upon which the dock was to rest would be required to be of greater length than the borings at the original site indicated; and when the work was finally performed it was further found that still longer piles would be required, which was necessarily much more expensive than either of the previous borings indicated, thereby causing the plaintiff an alleged loss of $1,982.17, and to recover this sum this suit was instituted. The specifications and contract are made a part of plaintiff’s petition, and to them reference is here made.
The theory upon which the plaintiff company bases its claim for recovery is that the plans and specifications were prepared upon information obtained by borings at one site, and. were promulgated by the Government for the guidance of bidders for a wharf at another site, and for that reason the statement contained in section 3 of the specifications was untrue. That is to say, the Government had no knowledge whatever as to the length of piles which would probably be required at the site where the wharf was finally located.
Hence it is claimed that the expression of opinion contained in said section 3 was untrue and thus misleading to the plaintiff, and 'for this reason was a misrepresentation amounting to a warranty and a fraud upon the plaintiff.
In discussing this question it must be borne in mind that it is elementary as a general proposition that a mere expression of opinion does not constitute a warranty, though there are some exceptions to this rule. For instance, it has been held that where a person made declarations of opinion which he knew to be false, and which misled the other party, this would be ground for relief on the ground of fraud. (Birdsey v. Butterfield, 34 Wis., 52; Pike v. Fay, 101 Mass., 134.) We have no such facts, however, in the case at bar. It is true the expression of opinion in section 3 was based upon borings made at a place other than where the dock was erected; but it may well be believed that the Government engineer who made these borings believed that the same conditions would be encountered at the site where the dock was erected as were encountered at the first proposed site. These sites were not far distant from each other, and there is noth *422 ing in the record indicating any variance in conditions. Thus this case falls far short of a fraudulent expression of opinion.
It must also be remembered that the plaintiff, at the time he entered into the contract, had no knowledge that borings or investigations of any kind had been made at either site to determine the probable length of piles which would be required. Hence it could not have been deceived by this expression of opinion contained in section 3; it had every reason to believe that it was a naked statement of mere opinion and nothing more. If it had been represented to the plaintiff that the opinion expressed in section 3 was based upon borings made at the site where the dock was erected, a different case would be presented, and upon which we are not required to express an opinion. It should also be said that the plain'tiff was warned to make its own examinations as to the conditions to be encountered in the instructions to bidders in the following language:
“ It must be assumed that bidders have fully informed themselves as to all conditions, requirements, and specifications before submitting proposals, and they can not be excused or relieved from responsibility assumed by their proposal on the plea of error.”
We have then the case of a contractor complaining of what he had every reason to believe was a mere expression of opinion based upon no investigation whatever, while it was admonished to make its own investigation and not depend upon the opinion thus expressed.
It follows from the foregoing that the plaintiff’s case is without merit, and the petition is dismissed.
Howry, J., was not present at the trial of this case, and took no part in the decision of the same.