UNITED STATES, for Use and Benefit of BROWN–WALES CO. v. LEFF et al.

No. 832.

District Court, D. Massachusetts.

Feb. 7, 1941.

George H. Brown and Leslie L. Landers, both of Boston, Mass., for plaintiff.

David S. Kunian, of Boston, Mass., for defendant Sun Indemnity Co. of New York.

William Endlar, of Boston, Mass., for intervener Henry J. Larkin.

FORD, District Judge.

This is a suit brought under the provisions of the Miller Act (Public Buildings Contracts) August 24, 1935, c. 642, 49 Stat. 793, 794, 40 U.S.C.A. §§ 270a to 270d, for a balance of $189.28, with interest, due on account of materials furnished by the Brown-Wales Company, a Massachusetts corporation, (hereinafter called Brown-Wales) to one Henry J. Larkin, of Tiverton, Rhode Island, a subcontractor of the B. L. Contracting Company, a New York partnership, in the construction of a post office at Stoughton, Massachusetts.

Suit was brought on August 5, 1940, and on December 16 of the same year, Henry J. Larkin was allowed to intervene as a defendant and in his answer set out as a counterclaim that "a Coal Burning Water Heater Coil and Storage Tank, Combination No. 2" which was furnished as part of the equipment he ordered from Brown-Wales did not comply with government specifications; that it was condemned by the government and removed by Larkin on orders from the government's inspectors; that the expenses incurred by him for labor and material in connection with installing and taking out the alleged improper material amounted to $194.50.

It is agreed between all the parties to the suit that the plaintiff is entitled to recover the sum of $189.28 unless the counterclaim of the defendant Larkin is sustained.

### Findings of Fact.

The original contract between the United States and the B. L. Contracting Company provided for the installation of a water heater to consist of a coal burning heater, indirect heater, and vertical storage tank listed as Combination No. 2 in the "Standard Specification for Miscellaneous Plumbing Materials and Labor", generally referred to in the contract as "Standard Specification". The contract further provided that the materials furnished for the construction of the post office should conform strictly to governmental specifications. Included among the latter was "Federal Specification WW–P–541". In this specification there was a requirement that the heating section of the heater in the stated combination was to have a minimum height of 23 inches.

Some time about December 1, 1937, Brown-Wales, a dealer of goods of the description involved in this suit, sent to Larkin a circular letter headed "Specification of Plumbing Fixtures for the Stoughton Post Office, Stoughton, Massachusetts," and in this circular appeared the line, "1—Coal burning water heater, coil heater and storage tank combination No. 2."

When Larkin ordered the material here in question he ordered "Combination No. 2." There is no evidence that this was a trade-name. He gave no specifications to Brown-Wales. The latter relied for its specifications upon a circular letter sent out by the Standard Sanitary Mfg. Co., a corporation which furnished to the trade particulars concerning material required in government jobs. The specifications furnished by the Standard Sanitary Mfg. Co. to Brown-Wales in its circular were not in accordance with specifications required by the government in connection with this equipment.

When the equipment was delivered to Larkin I find it did not conform to governmental specifications, the size of the heating section of the heater being insufficient. It was because of the failure to conform to the specifications in this particular, that the heater was condemned by the inspectors for the government. When it was removed by Larkin, notice having been given of the defect to Brown-Wales within a reasonable time, it was taken back by Brown-Wales and new equipment was furnished that did conform to all government specifications and delivered by Brown-Wales to supplant the improper equipment that had been removed by Larkin.

Larkin admitted in his answer to Brown-Wales' "Motion to Admit Facts" that he relied on his own knowledge in reference to the installation of the equipment here in question. I further find as a fact that Larkin made known to Brown-Wales the particular purpose for which the goods were required and also that Larkin relied on Brown-Wales' skill and judgment in furnishing the equipment. I further find that before Larkin installed the equipment delivered by Brown-Wales he knew, or should have known, the governmental specifications concerning it, and that it was part of his contract to install equipment that complied

with government specifications; that he had a reasonable opportunity of examining it before installation and that if he made a reasonable examination of the equipment, he, skilled in his art as the evidence showed, would have discovered the fact that it did not conform to governmental specifications. I further find he was either negligent in not knowing the latter fact, or, knowing it, took a chance in making the installation.

## Conclusions of Law.

The materials were bought by description from Brown-Wales, a dealer in goods of the description ordered, and Brown-Wales knew the purposes for which the goods were required and Larkin relied on Brown-Wales' skill and judgment in buying the material. Consequently, there was an implied warranty that the material was reasonably fit to satisfy the requirements of the contract concerning the material furnished. C. 106, Section 17 (1), Massachusetts General Laws, Ter.Ed. However, the defendant Larkin knew, or should have known, the defects in the equipment and, consequently, cannot recover in damages if he used the equipment, as he did here. This is sometimes spoken of as a waiver of the breach of warranty. Massachusetts General Laws, Ter.Ed., c. 106, Section 58 (3); Country Club Soda Co., Inc., v. Arbuckle, 279 Mass. 121, 134, 181 N.E. 256; John Service, Inc., v. Goodnow-Pearson Co., 242 Mass. 594, 596, 597, 136 N.E. 623, 29 A.L. R. 1513; Gascoigne v. Cary Brick Co., 217 Mass. 302, 305, 104 N.E. 734, Ann.Cas. 1917C, 336.

Judgment will be entered for the plaintiff in the sum of $189.28, with costs and interest according to law.